IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEANDRE RISER                                                                      PLAINTIFF

V.                                                                            NO. 4:10CV150-P-S

DANNY R. SCOTT, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain a claim for a due process violation.

In his pleadings, the Plaintiff complains of a Rule Violation Report ("RVR") in June 6, 2010. A disciplinary hearing was held on June 10, 2010. Presumably, the Plaintiff was found guilty. He claims, however, that errors on the RVR, such as an incorrect inmate number and reporting officer, have resulted in the violation of his right to due process. For relief of this perceived transgressions, the Plaintiff asks that the RVR be expunged from his record and his custody level restored.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The

Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). As long as there is "some evidence" in the record to support the disciplinary decision, due process requirements have been met. *Morgan v. Quaterman*, 570 F.3d 663, 668 (5th Cir. 2009). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, WL 960568 at *1 (5th Cir. 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns).

The Plaintiff's own allegations defeat his claim. The Plaintiff admits he was afforded a hearing. He simply takes issue with some typographical mistakes on the RVR. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). (relying on a "legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). It is well established that "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006).

Despite the Plaintiff's insistence and as discussed *supra*, the constitution has not been implicated by the facts of this case. The Plaintiff was afforded a disciplinary hearing to challenge the RVR, meeting the due process requirements of *Wolff v. McDonnell*. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). The Plaintiff, therefore, may not challenge his custodial classification based on the issuance of an RVR that comported with due process

requirements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Accordingly, the court finds that the Plaintiff has failed to provide sufficient facts to state a claim upon which relief may be granted.

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 20th day of December, 2010

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE